# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **SHELIA MIGLIACIO** | **CIVIL ACTION** |
| **VERSUS** | |
| | **NO. 18-621-SDD-RLB** |
| **CITY OF PLAQUEMINE, LOUISIANA, ET AL.** | |

## ORDER

Before the Court is Defendant Jimmie Randle's Motion to Limit Discovery to the Issue of Jimmie Randle's Qualified Immunity (R. Doc. 7) filed on August 23, 2018. The motion is opposed. (R. Doc. 9). Mr. Randle has filed a Reply. (R. Doc. 14).

## I. Background

On May 11, 2018, Sheila Migliacio ("Plaintiff") initiated this civil rights action in state court, naming as defendants City of Plaquemine, Louisiana and Jimmie Randle, individually and in his official capacity as Board of Selectman. (R. Doc. 1-5). Defendants removed the action on June 11, 2018. (R. Doc. 1). Plaintiff has filed an Amended Complaint, which adds Atlantic Specialty Insurance Company as an additional defendant. (R. Doc. 12).

On June 15, 2018, City of Plaquemine and Mr. Randle filed an Answer to the Complaint, in which Mr. Randle alleged "that he is entitled to qualified immunity from suit for any claims asserted against him in his individual capacity." (R. Doc. 2 at 4).

On August 23, 2018, Mr. Randle filed the instant motion, which seeks to limit discovery to the issue of his defense of qualified immunity. (R. Doc. 7). In opposition, Plaintiff asserts that discovery should not be limited to the issue of qualified immunity because Mr. Randle has not

sought any relief regarding his alleged defense in a dispositive motion. (R. Doc. 9). In reply, Mr. Randle argues that the limitation of discovery to the issue of qualified immunity is appropriate even in the absence of a dispositive motion. (R. Doc. 14).

## II. Law and Analysis

Rule 26(c) of the Federal Rules of Civil Procedure allows the court to issue a protective order after a showing of good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). Rule 26(c)'s "good cause" requirement indicates that the party seeking a protective order has the burden "to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)).

"Trial courts possess broad discretion to supervise discovery." *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 n.114 (5th Cir. 1990) (citation omitted). "A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987).

"The qualified immunity defense affords government officials not just immunity from liability, but immunity from suit." *Vander Zee v. Reno*, 73 F.3d 1365, 1368 (5th Cir. 1996) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 525-26 (1985)). Qualified immunity shields government officials from individual liability for performing discretionary functions, unless their conduct violates clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

"One of the most salient benefits of qualified immunity is protection from pretrial discovery, which is costly, time-consuming, and intrusive[.]" *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012) (citing *Helton v. Clements*, 787 F.2d 1016, 1017 (5th Cir. 1986)). Accordingly, the Fifth Circuit "has established a careful procedure under which a district court may defer its qualified immunity ruling if further factual development is necessary to ascertain the availability of that defense." *Backe*, 691 F.3d at 648. Under this procedure, "a district court must first find 'that the plaintiff's pleadings assert facts which, if true, would overcome the defense of qualified immunity.'" *Id.* (citing *Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994–95 (5th Cir. 1995); *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79, (2009) (directing that a plaintiff must "state a claim for relief that is plausible on its face"—excluding statements that are "no more than conclusions" which are "not entitled to the assumption of truth")). "Thus, a plaintiff seeking to overcome qualified immunity must plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Backe*, 691 F.3d at 648. "*After* the district court finds a plaintiff has so pled, if the court remains 'unable to rule on the immunity defense without further clarification of the facts,' it may issue a discovery order 'narrowly tailored to uncover only those facts needed to rule on the immunity claim.'" *Id.* (citing *Lion Boulos v. Wilson*, 834 F.2d 504, 507-08 (5th Cir. 1987).

Here, Mr. Randle seeks a protective order limiting discovery to the issue of his qualified immunity, conceding that certain "factual questions" must be addressed prior to a ruling on the qualified immunity defense. (R. Doc. 14 at 3). He has not, however, filed a motion seeking dismissal of any of Plaintiff's claims based upon that defense or otherwise presented any arguments addressing the merits of his qualified immunity defense in light of the parties'

3

allegations. In the absence of briefing on the actual allegations in this action, the Court finds it inappropriate to issue any order addressing the limits of discovery with respect to Mr. Randle's qualified immunity. Issuing such a ruling without the benefit of an actual dispositive motion (and associated briefing) addressing the allegations in this action would, in effect, require the district court to reach certain dispositive conclusions regarding the parties' allegations without the benefit of argument. While the Court has the power to review the pleadings in the absence of a motion, it will not risk running afoul of the Fifth Circuit's procedure for determining the scope of discovery, if any, to be conducted with regard to a qualified immunity defense.

At least one district court has expressly denied a motion to stay discovery until after the filing of a dispositive motion addressing the issue of qualified immunity. *See Scherbarth v. Woods*, No. 16-2391, 2018 WL 851344, at *5-6 (D. Colo. Feb. 13, 2018) ("If there is no pending motion to resolve whether qualified immunity applies, the Plaintiff's interest in proceeding expeditiously and the convenience of the court outweigh the burden to Defendants. The court therefore denies without prejudice Defendants' motion to stay discovery based on their qualified immunity defense. If Defendants file a dispositive motion raising qualified immunity, they may renew their motion to stay discovery pending its resolution."). While Mr. Randle does not seek a stay of all discovery in this action, the Court finds it appropriate to reserve any resolution on the scope of discovery with regard to Mr. Randle's qualified immunity defense until after a review of the pleadings in light of an appropriate dispositive motion (or motion for a Rule 7 reply). Following this procedure will ensure that the Court properly tailors any discovery allowed regarding Mr. Randle's qualified immunity defense. The Court will entertain any motion seeking to limit or stay discovery at that time.[1]

---

[1] The Court further notes that a stay of all discovery in this action with the exception of discovery directed to Mr. Randle's qualified immunity defense may not be appropriate. This is not an action in in which the

### III. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Defendant Jimmie Randle's Motion to Limit Discovery to the Issue of Jimmie Randle's Qualified Immunity (R. Doc. 7) is **DENIED**.

Signed in Baton Rouge, Louisiana, on January 18, 2019.

                                          **RICHARD L. BOURGEOIS, JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

---

plaintiff is solely seeking to recovery from Mr. Randle in his individual capacity. In addition, Plaintiff is also seeking to recover from City of Plaquemine, which, as a municipality, is not entitled to qualified immunity. *Owen v. City of Independence, Missouri*, 445 U.S. 622, 638 (1980); *Lynch v. Cannatella*, 810 F.2d 1363, 1371-72 (5th Cir. 1987).